Kirkpatrick C. J.
Upon the return day of the sum-was on the 11th of August 1818, the parties appeared and agreed to adjourn the cause till the 14th September, then next. On *the 12th September, two days before the day of adjournment and for aught that appears, in the absence of the defendant, the plaintiff came and demanded a jury, and it was granted to him; whereupon, says the justice, to suit my own convenience, I adjourned the trial until the lQth of September, being more than fifteen days from the return of the summons.
It is now offered, as a reason for the reversal of this judgment, that this adjournment being made out of court, for a day more than fifteen days, from the return of the summons, and without the consent of the parties, was unlawful. And simply considered, it was unlawful for all these causes. But it is to be observed, that, in this case, both parties appeared on the day of adjournment, and voluntarily went into the trial of their cause. This, in the reason of the thing, as well as in the spirit of the decisions heretofore made upon the subject, is a waiver of this objection; it is evidence of a consent to the adjournment, though expressed to be made for the convenience of the justice. Could it be tolerated, that the plaintiff should appear, call his jury, exhibit his demand, go to trial, examine his witnesses, and after all, because the jury *665 did not gratify him in their verdict, set the whole aside upon a pretence like this ? I think not.
The other reasons assigned, so far as they depend upon matter of fact, are not verified by the record, and so far as they depend upon matter of law, are not supported by principle. Therefore let the judgment be affirmed.
Southard J.
The summons was made returnable on the 11th of August 1818, on which day the parties appeared before the justice, and agreed to adjourn the trial of the cause until the 14th of September, then next. On the 12th day of September, the plaintiff appeared and demanded a venire, which was granted; and the justice, on that day, “ to suit his own convenience” adjourned the cause to the 16th of that month, without the consent of the parties. On the 16th the parties appeared, and the trial took place.
This adjournment of the justice, I think was erroneous. After an adjournment, with or without the consent of parties, which reaches beyond fifteen days, the justice has no power to adjourn of his own motion, or on the application of one only of the parties. Pen. 253, 266, 953.
Judgment affirmed.